IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-00113-SKC-KAS

JULIO RODRIGUEZ-TALLEDOS,

     Petitioner,

v.

KRISTI NOEM, *et al.*,

     Respondents.

---

**ORDER**

---

Petitioner Julio Rodriguez-Talledos is a citizen of Mexico who is currently being detained at the Denver Contract Detention Facility. Dkt. 1, ¶¶45, 52; Dkt. 10, p.3. He entered the United States without inspection in 1995 at the age of six and has resided here continuously since then. Dkt.1, ¶45. Mr. Rodriguez-Talledos is gainfully employed, in a committed relationship to a U.S. citizen, and has eight U.S. citizen children. *Id.* ¶46. He is the sole financial provider for his family. *Id.* ¶46.

On May 28, 2025, Mr. Rodriguez-Talledos was arrested and transferred to ICE custody. *Id.* ¶51. According to DHS, Mr. Rodriguez-Talledos is being detained under 8 U.S.C. § 1225(b)(2)(a). *See* Dkt. 10.

Mr. Rodriguez-Talledos filed a Petition for Writ of Habeas Corpus on January 10, 2026, seeking an order from this Court directing Respondents to affect his

1

immediate release or requiring Respondents to give him a bond hearing. Dkt. 1. On the same day, he filed a Motion for Preliminary Injunction seeking the same relief and making the same arguments. Dkt. 3. He contends he is subject to detention, if at all, under 8 U.S.C. § 1226(a). Dkt. 1. The Court ordered Respondents[1] to respond to the Motion for Preliminary Injunction within two weeks of service and ordered Petitioner file a reply within one week of service of the Response. Dkt. 5. Respondents filed their Answer to the Petition and Response to the Motion for Preliminary Injunction on February 6, 2026. Dkt. 10. Petitioner filed a Reply on February 12, 2026. Dkt. 11.

The Court has jurisdiction over this matter under Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id*. Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

The Court has considered the Petition, the Motion for Preliminary Injunction,

---

[1] "Respondents" refers to Pamela Bondi, the United States Attorney General; Kristi Noem, the Secretary of the United States Department of Homeland Security; Todd Lyons, the Acting Director of ICE; Robert Gaudian, the Director of the Denver ICE Field Office; and Juan Baltazar, the Warden of the Denver Contract ICE Detention Center.

the Response, the Reply, the various attachments, and the governing law. Because

Mr. Rodriguez-Talledos' challenge is fundamentally legal in nature, the Court

declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared in the

following discussion, the Court GRANTS the Petition.

## ANALYSIS

This matter presents a similar factual background and procedural posture to

another of the Court's recent cases, *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-

SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). In *Aleman Hernandez*,

this Court conducted a review of the governing statutes relied on by the parties here

and concluded that when 8 U.S.C. §§ 1225 and 1226 are read together, they "cover

[noncitizens] presenting at arrival (under § 1225) and then *everybody else* (under

§ 1226)." *Aleman Hernandez*, 2025 WL 3718159, at *6 (citing *J.G.O. v. Francis*, No.

25-CV-7233 (AS), 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025)) (emphasis in

original). Because Mr. Aleman Hernandez had been present in the United States for

more than a decade, the Court found that Respondents were unlawfully detaining

him under § 1225, and that he was only properly detained under § 1226. *Id.*

Respondents acknowledge that "numerous nonprecedential decisions,

including several in this district" have ruled the same way this Court did in Aleman

Hernandez. Dkt. 10, p.7. While they cite a number of cases that have gone the other

way, none of those are from this district or by the Tenth Circuit. *Id.* The Court is not

persuaded by the reasoning of these cases and instead points to Judge Charlotte N.

3

Sweeney's analysis in *Singh v. Baltazar*, No. 1:26-cv-00336-CNS, 2026 WL 352870, at \*\*3–6 (D. Colo. Feb. 9, 2026), wherein she surgically dismantles the reasoning Respondents suggest this Court apply. Like Judge Sweeney, this Court is not persuaded that its own analysis in *Aleman Hernandez* must be upended. Consequently, the Court adopts and incorporates its statutory analysis and conclusions from *Aleman Hernandez, supra*, as though stated fully herein.

Mr. Rodriguez-Talledos has been in the United States for thirty years, and therefore, it cannot be said he is seeking admission as described under 8 U.S.C. § 1225(b)(2)(A); rather, he is only properly detained under § 1226. *See Aleman Hernandez*, 2025 WL 3718159, at \*\*2–7. To be sure, on Mr. Rodriguez-Talledos' Notice to Appear, Respondents state that the immigration official charged him with being "[a noncitizen] *present in the United States* without being admitted or paroled," rather than as an "an arriving [noncitizen]." Dkt. 10, p.4 (emphasis added). Because "the Government has affirmatively decided to treat [Petitioner] as being detained under Section 1226(a)[,] it cannot now be heard to change its position to claim that he is detained under Section 1225(b)." *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at \*6 (N.D. Ill. Oct. 24, 2025). *See also Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at \*3 (7th Cir. Feb. 14, 2023), quoting *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 24 (2020) (the "[*SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943)] doctrine requires an agency to 'defend its actions based on the reasons it gave when it acted' in the interest of promoting agency accountability, instilling confidence in

agency decisions, and maintaining an orderly process of review."). Therefore, Mr. Rodriguez-Talledos' continued detention pursuant to § 1225 is unlawful.

## REMEDY

The Court turns now to the question of relief. In this instance, the Court cannot conclude that ordering Respondents to provide Mr. Rodriguez-Talledos' with a bond hearing under § 1226 is an appropriate remedy. Not only is Petitioner's continued detention pursuant to § 1225 unlawful, but his original detention by DHS was also unlawful. Under § 1226, a noncitizen may only be arrested based on a "warrant issued by the Attorney General." 8 U.S.C. § 1226(a). But in this case, perhaps believing it had authorization to detain Mr. Rodriquez-Talledos under § 1225(b)(2), Respondents simply took him into custody.

Respondents had an opportunity in their papers to argue in the alternative that Mr. Rodriguez-Talledos was subject to detention under § 1226 or provide some evidence that a warrant for his arrest had been issued. But they did not. Because Respondents have offered no lawful basis for his detention, the Court concludes Mr. Rodriguez-Talledos is entitled to immediate release. *Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 WL 199319, at *4 (M.D. Fla. Jan. 26, 2026); *see also Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *9 (D.N.J. Oct. 22, 2025). "Forcing a detainee to wait for a hearing for days or weeks more in custody—under who knows what conditions—when he is not lawfully detained in the first place would gut the purpose of habeas review." *Rivero*, 2026 WL 199319, at *4.

5

*    *    *

For the reasons shared above, Julio Rodriguez Talledos' Petition for Writ of
Habeas Corpus is **GRANTED**[2] and the Court **ORDERS** as follows:

1. Mr. Rodriguez-Talledos is not subject to mandatory detention under 8
   U.S.C. § 1225(b)(2), and Respondents are **PERMANENTLY ENJOINED**
   from re-detaining him under 8 U.S.C. § 1225(b)(2)(A).

2. Respondents shall immediately release Mr. Rodriguez-Talledos from
   detention; however, he shall remain in Respondents' temporary custody for
   the sole purpose of Respondents effectuating his return to Colorado
   Springs, Colorado.

3. Respondents **SHALL** transport Mr. Rodriguez-Talledos back to Colorado
   Springs, Colorado, **at their own expense**, within **36 hours** of the date and
   time of this Order.

4. To effectuate the purpose of this Court's Order and allow Mr. Rodriguez-
   Talledos to return home, Respondents are also temporarily enjoined from
   detaining Mr. Rodriguez-Talledos under 8 U.S.C. § 1226 for a period of
   fourteen days.

5. On or before Friday, March 20, 2026, Respondents shall confirm in writing

---

[2] To the extent Petitioner's Counsel seeks an award of attorney's fees, he must file a
separate motion for fees that complies with the Federal Rules of Civil Procedure and
the Local Rules of Practice for this District.

Petitioner's release from custody and his return to Colorado Springs, Colorado.

6. This Court retains jurisdiction over this matter to ensure Respondents comply with this Order.

DATED: March 18, 2026, 12:09 PM

BY THE COURT

_____

S. Kato Crews
United States District Judge